OPINION
On September 1, 1979, appellant, Norman Rice, and appellee, Francis Rice, were married. Three children were born as issue of said marriage, Christopher born September 19, 1980, Kathryn born December 12, 1981 and Kelly born January 12, 1986. By judgment entry filed April 20, 1992, the parties were granted a divorce. The decree incorporated a separation agreement wherein appellant agreed to pay $300 per child per month for child support and $500 per month for support.
On August 15, 1996, appellant filed a motion to modify his support obligations due to the fact he had changed employment and was earning less. A hearing before a magistrate was held on April 1, 1997. By decision filed June 16, 1997, the magistrate denied said motion finding appellant had not shown a substantial change of circumstances to warrant a modification and appellant was voluntarily underemployed.
On June 23, 1997, appellant filed objections to the magistrate's decision. By judgment entry filed September 23, 1997, the trial court denied the objections and approved and adopted the magistrate's decision.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE COURT ERRED IN HOLDING THAT THE APPELLANT FAILED TO MEET HIS INITIAL BURDEN OF SHOWING A SUBSTANTIAL CHANGE OF CIRCUMSTANCES.
II
 THE COURT ERRED IN FAILING TO GRANT AN EVIDENTIARY HEARING.
III
 THE COURT ERRED IN HOLDING THAT THE DEFENDANT WAS VOLUNTARILY UNDEREMPLOYED.
 I, III
Appellant claims the trial court erred in not finding a substantial change of circumstances and in finding appellant was voluntarily underemployed. We disagree.
As stated by the Supreme Court of Ohio in Rock v. Cabral
(1993), 67 Ohio St.3d 108, syllabus, the matters sub judice rest in the trial court's sound discretion:
 Whether a parent is `voluntarily underemployed' within the meaning of R.C. 3113.2154(A)(5), and the amount of `potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion.
In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In Woloch v. Foster (1994), 98 Ohio App.3d 806, 811, Judge Grady set forth a "test" in determining voluntary underemployment as follows:
 The fact that the obligor's income has been reduced as a result of his or her voluntary choice does not necessarily demonstrate voluntary underemployment. The test is not only whether the change was voluntary, but also whether it was made with due regard to the obligor's income-producing abilities and her or his duty to provide for the continuing needs of the child or children concerned.
It is undisputed appellant quit a substantial job with Family Dollar Stores as a district manager making $48,000 — $52,000 per year to become a bagger making $18,000 per year. This was appellant's own choice after having received a very good job performance rating from Family Dollar.
By decision filed June 16, 1997, the magistrate found appellant not only changed employers, but took a job outside his own skill level reasoning "[g]oing from a District Manager to a bagboy does not equate to still being in the retail business by any stretch of the imagination. Defendant gave up his right to that severe a reduction in stress when he had three (3) children to support."
Upon review, we find the trial court did not abuse its discretion in approving and adopting the magistrate's decision given the authority cited supra and appellant's choice of lifestyle/job over his duty to support his children.
Assignments of Error I and III are denied.
 II
Appellant claims the trial court erred in failing to grant an evidentiary hearing on the issue of voluntary underemployment. We disagree.
Appellant argues he wanted to present evidence to explain why he was employed in a substantially lower paying position than at the time of the divorce and separation agreement. Appellant argues he would have presented evidence on the lack of high paying supervisory positions in Carroll County, Ohio.[1]
During the magistrate's hearing on April 1, 1997, appellant through his trial counsel stated he was prepared to testify as was his wife. T. at 5. Said hearing consisted of statements and arguments by trial counsel. No one was placed under oath and neither party attempted to offer testimony. At the conclusion of the hearing, the magistrate asked if there was anything further and trial counsel stated no.
By decision filed June 16, 1997, the magistrate concluded "[i]n order to support granting of evidentiary hearing requesting party must demonstrate a dispute as to a material issue of fact. No such dispute here. Defendant readily admits that he quit Family Dollar because he `wanted a less stressful and less pressure oriented employment environment.'" The statements and arguments during the hearing as well as appellant's responses to appellee's interrogatories (Plaintiff's Exhibit 7) substantiate that "health reasons" (T. at 16) was appellant's sole defense in his employment change.
Based upon the record, we find the trial court did not err in sustaining the magistrate's decision not to grant an evidentiary hearing.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, P.J., Gwin, J. and Reader, J. concur.
[1] We note in appellant's responses to interrogatories, he did not name any potential witnesses or experts.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed.